An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1098

Filed 1 October 2025

Wake County, No. 20CR207228-910

STATE OF NORTH CAROLINA

v.

JAMES ALLISON LAWRENCE, Defendant.

Appeal by defendant from judgment entered 30 May 2024 by Judge A. Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals 12 August 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Olga E. Vysotskaya de Brito, for the State-appellee.*
>
> *Gammon & Zeszotarski, PLLC, by Joseph E. Zeszotarski, for defendant-appellant.*

GORE, Judge.

This case is a criminal appeal arising from defendant's conviction in Superior Court, Wake County, for one count of indecent liberties with a minor. Defendant appeals from a final judgment entered upon the jury's verdict. This Court has jurisdiction to hear and decide this appeal pursuant to N.C.G.S. §§ 7A-27(b) and 15A-

1444, which provide for the appeal of final criminal judgments entered in the superior court. For the reasons stated below, we discern no error in the judgment of the trial court.

## I.

Defendant James Allison Lawrence appeals from a judgment entered upon a jury verdict convicting him of one count of indecent liberties with a minor. Defendant was tried in Superior Court, Wake County, on multiple charges stemming from allegations of sexual misconduct against his granddaughter. Over the course of a week-long trial, the State presented testimony from the complaining witness as well as several of her treating mental health providers, each of whom was qualified as an expert in the field of psychiatry, trauma therapy, or family counseling. These witnesses testified not only to their PTSD diagnoses but also discussed trauma-related concepts such as dissociation, delayed disclosure, and fragmented memory, and were permitted to relate those concepts to the complaining witness's treatment and presentation. The defense objected to the scope of the experts' testimony, arguing that their opinions extended beyond the disclosures provided in pretrial discovery. The trial court denied the motion in limine and allowed the testimony.

At the conclusion of trial, the jury acquitted defendant of four B1 felony charges but returned a guilty verdict on the indecent liberties offense. The trial court imposed an active sentence of 19 to 32 months' imprisonment and a $200,000.00 fine. Defendant gave timely notice of appeal.

## II.

Defendant's sole argument on appeal is that the trial court erred by admitting certain expert opinion testimony from the State's witnesses that, he contends, was not disclosed in discovery in violation of N.C.G.S. § 15A-903(a)(2). Specifically, defendant contends the trial court should have limited the testimony of the complaining witness's mental health providers to their PTSD diagnoses and treatment because other testimony regarding dissociation, fragmented memories, and delayed disclosure was not sufficiently disclosed prior to trial.

## III.

Whether particular testimony constitutes expert opinion within the meaning of the discovery statute is a question of law reviewed de novo. *State v. Davis*, 368 N.C. 794, 797 (2016). A trial court's ruling on whether the State complied with its discovery obligations under the statute is reviewed for abuse of discretion. *Id.* Any error in the admission of evidence is prejudicial only if "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (2023).

## IV.

North Carolina's criminal discovery statute requires the State to provide the defendant with any expert witness's "opinion[] and the underlying basis for that opinion" within a reasonable time prior to trial. N.C.G.S. § 15A-903(a)(2) (2023). In

*Davis*, our Supreme Court made clear that this obligation is not limited to ultimate opinions about guilt or innocence but extends to any testimony that goes beyond factual observations and draws inferences or conclusions based on the expert's specialized knowledge. 368 N.C. at 801. Testimony explaining common characteristics of child sexual abuse victims, delayed reporting, or typical trauma responses may constitute opinion testimony under the statute. *Id.* at 806.

## V.

Here, the record shows that the State's case relied in part on expert testimony from the complaining witness's treating mental health providers, who were qualified as experts in their respective fields. These witnesses testified not only to their diagnoses and treatment of the witness but also offered explanations regarding general trauma responses such as dissociative symptoms, fragmented or dreamlike memories, and the phenomenon of delayed disclosure. Defendant moved in limine to preclude any expert testimony beyond the PTSD diagnosis on grounds that the State's pretrial disclosures did not sufficiently identify these broader opinions.

The State argues that its disclosures satisfied § 15A-903 because it produced therapy records, provider curricula vitae, summaries of expected testimony, and references to literature describing trauma and memory. The State further contends that its experts' opinions were apparent from the disclosed treatment notes and that the defense was not unfairly surprised. Defendant, by contrast, points out that the disclosed materials primarily documented factual treatment notes rather than clear

statements of opinion about how the witness's doubts about her memories should be interpreted.

Under *Davis*, an expert's testimony explaining common trauma responses and characteristics of victims of child sexual abuse is not merely factual but constitutes opinion that must be disclosed in substance before trial. *See* 368 N.C. at 801–02. The trial record indicates that the State's experts were permitted to testify that the witness's memory gaps and expressions of doubt were consistent with recognized trauma symptoms. This testimony went directly to the witness's credibility—a central issue in the State's case given the defense's impeachment of the witness on these very points. On de novo review, we conclude that this testimony was opinion evidence within the meaning of the discovery statute.

However, we must further determine whether the trial court abused its discretion in concluding that the State's disclosures complied with § 15A-903(a)(2). While the disclosures included therapy notes referencing PTSD and dissociative symptoms, they did not explicitly state that the experts would offer testimony regarding generalized trauma profiles or specifically relate those concepts to the witness's memory or credibility. Although the disclosures cited relevant literature, the statute requires the State to furnish "the expert's opinion" and its underlying basis, not merely references to outside sources. § 15A-903(a)(2); *Davis*, 368 N.C. at 808. Nevertheless, the record reflects that the State provided treatment records, curricula vitae, written descriptions of expected testimony, and summaries indicating

that the experts would discuss trauma-related concepts, including dissociation and delayed disclosure. In light of the totality of these materials and the notice they provided to the defense, we do not discern abuse of discretion in the trial court's determination that the State substantially complied with its disclosure obligations.

Nonetheless, any discovery error requires a showing of prejudice. The jury acquitted defendant on the more serious charges and found guilt only on a single count supported by separate evidence. Moreover, the defense cross-examined the experts at length on these same topics and argued forcefully that therapy could influence or create false memories. The record does not demonstrate that defendant was unable to prepare an effective cross-examination or that the result of the trial would probably have been different if the trial court had excluded the challenged testimony. *See* § 15A-1443(a).

## VI.

While we conclude that portions of the challenged testimony constituted opinion evidence that should have been more clearly disclosed under *Davis*, we hold that the trial court did not abuse its discretion in finding substantial compliance with the discovery statute. Even assuming there was error, defendant failed to show a reasonable possibility that a different result would have been reached at trial. Accordingly, we discern no error.

NO ERROR.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).